UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

Feb 19 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ DimitriEnglish          DEPUTY

---

TAISHA AFRIQUE-SAHNÈ HERNANDEZ,

Plaintiff,

v.

CLERK OF THE SUPERIOR COURT OF
CALIFORNIA, COUNTY OF SAN DIEGO, in official
capacity;

SHERIFF OF SAN DIEGO COUNTY, in official
capacity;

JUDICIAL OFFICER OF THE SUPERIOR COURT
OF CALIFORNIA,

COUNTY OF SAN DIEGO, in official capacity
(prospective relief only);

TOMMIE HALL; JACQUELYN AMOS;

ANTONETTE MIDDLETON; DALIA ASTALOS;
STEFAN SEPER; HOFMAN & FORDE, LLP; JOHN
MELVIN; JASMINE J. DWERLKOTTE;

CLARKE DAILEY; AMC TOWING; PAV TOW;

---

Case No. __'26CV1044 BJC  MSB__

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**(42 U.S.C. § 1983)**

**SUPPORTING EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE
PRELIMINARY INJUNCTION**

**(Fed. R. Civ. P. 65; CivLR 7.1, 65.1)**

## I. JURISDICTION

- 28 U.S.C. § 1331 (Federal Question)

- 28 U.S.C. § 1343 (Civil Rights)

- 42 U.S.C. § 1983

- 42 U.S.C. § 12132 (ADA Title II)

## II. PARTIES

Plaintiff Taisha Afrique-Sahnè Hernandez is a resident of San Diego County, California.

Defendant Clerk of the Superior Court of California, County of San Diego, in official capacity (name presently unknown), is responsible for acceptance and docketing of filings and maintenance of court records.

Defendant Sheriff of San Diego County, in official capacity, is responsible for execution and enforcement where injury occurred regardless of correctness of any ruling

1

Defendant Judicial Officer of the Superior Court of California, County of San Diego, in official capacity solely for prospective declaratory relief, presided over proceedings connected to enforcement actions challenged herein.

Defendants Tommie Hall, Jacquelyn Amos, Antonette Middleton, Dalia Astalos, Stefan Seper, Hofman & Forde LLP, John Melvin, Jasmine J. Dwerlkotte, Clarke Dailey, AMC Towing, and PAV Tow participated jointly with state officials in invoking state enforcement procedures and acted under color of state law within the meaning of Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

## III. FACTUAL ALLEGATIONS

Structured chronologically:

1. Probate authority irregularities.

2. Appeal notice.

3. Actions taken despite appeal.

4. Rejection of filings.

5. ADA requests denied.

6. Mail returned.

7. Enforcement threats.

2

**IV. CLAIMS FOR RELIEF**

**COUNT I – Procedural Due Process (Fourteenth Amendment)**

Elements:

- Protected interest

- Deprivation

- Lack of adequate process

Cite:

- Mathews v. Eldridge, 424 U.S. 319 (1976)

**COUNT II – Denial of Access to Courts**

Cite:

- Bounds v. Smith

- Christopher v. Harbury

**COUNT III – ADA Title II**

42 U.S.C. § 12132

Cite:

- Tennessee v. Lane, 541 U.S. 509 (2004)

3

**COUNT IV – Prospective Injunctive Relief (Ex parte Young)**

Relief only, not damages, against state officials.

**V. PRAYER FOR RELIEF**

Request:

- TRO

- Preliminary injunction

- Declaratory relief

- Order requiring acceptance of filings

- Stay of enforcement actions

Date: 02/18/2026

Respectfully submitted,

*Taisha A. S. Hernandez*

Taisha Afrique-Sahnè Hernandez

4